an 'interrogation environment [, i.e.,]' . . . the result of 'express questioning or its functional equivalent' " (*People v Stoesser,* 53 NY2d 648, 650 [1981]; *see People v Harris,* 57 NY2d 335, 342 [1982], *cert denied* 460 US 1047 [1983]). Further, defendant's statement to an officer in the vehicle was also spontaneous (*see People v Clabeaux,* 277 AD2d 988 [2000], *lv denied* 96 NY2d 781 [2001]).

We reject defendant's contention that the testimony of a police investigator rendered the indictment defective. It cannot be said that the testimony of the investigator impaired the integrity of the grand jury proceedings (*see generally People v Huston,* 88 NY2d 400, 409 [1996]) and, in particular, the testimony concerning blood evidence was not improper because even " '[l]ay witnesses are competent to identify blood from its appearance' " (*People v Rusho,* 291 AD2d 855, 856 [2002], *lv denied* 98 NY2d 680 [2002]). Defendant failed to preserve for our review his challenge to the court's ultimate *Sandoval* ruling (*see People v Alston,* 27 AD3d 1141 [2006], *lv denied* 6 NY3d 892 [2006]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson,* 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Finally, we conclude that the court properly determined that defendant's self-serving statement was inadmissible (*see People v Oliphant,* 201 AD2d 590 [1994], *lv denied* 83 NY2d 875 [1994]), and that the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY W. CLARK, Appellant. [890 NYS2d 887]—■■■■■■

Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER L. LAMPLEY, JR., Appellant. [890 NYS2d 887]—■■■